IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY MILLER HALL &** | | |
| **CHARLES MILLER**, | : | |
| Plaintiffs, | : | Civil Action 2:06-CV-01 |
| v. | : | Judge Frost |
| **DARYL MILLER,** *et al.* | | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

## OPINION & ORDER

This matter is before the Court pursuant to a motion to dismiss filed by Defendant Laura MacBan ("MacBan"). (Doc. # 7). Defendants Daryl Miller ("Daryl") and Tommie Miller ("Tommie") joined in MacBan's motion to dismiss. (Doc. # # 11, 13). *Pro se* Plaintiff Mary Miller Hall ("Hall") filed a memorandum in opposition (Doc. # 15), to which MacBan replied. (Doc. #16). Hall then filed a sur-reply. (Doc. # 17). The Court **STRIKES** Hall's sur-reply (Doc. # 17) for failure to comport with S.D. Ohio Civ. R. 7.2, and **GRANTS** MacBan's motion to dismiss (Doc. # 7).

## BACKGROUND

Cognizant of Hall's *pro se* status, and addressing the case within a motion to dismiss, the Court shall treat the allegations contained within Hall's Complaint as true. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (addressing treatment of *pro se* pleadings and filings by courts).

1

Hall is an Ohio resident who lives with her son, Charles Miller ("Charles").[1]  (Doc. # 1). MacBan resides and practices law in Arizona. (Doc. # 7 Ex. 10). Daryl and Tommie, former husband and wife, reside in Arizona. (Doc. # 1). Daryl is Hall's son; Tommie is Hall's former daughter-in-law. (Doc. # 1; Doc. # 15 at 3).

Hall instigated at least three previous lawsuits in Arizona state court that are of import in the case *sub judice*. The first involved allegations by Hall that Daryl and Tommie had improperly taken control of an investment account Hall had created in her name and Daryl's name. (Doc. # 7 Ex. 3, 4).[2] After a bench trial, Defendant Judge John F. Kelly ("Judge Kelly") entered a verdict in favor of Daryl and Tommie. (Doc. # 7 Ex. 4).

In the second suit, Hall alleged that St. Joseph's Hospital engaged in a conspiracy with Daryl to have her falsely imprisoned. (Doc. # 7 Ex. 5). MacBan represented the hospital in that matter while Defendant Allan Duprey ("Duprey"), an attorney, represented Hall. (Doc. # 7 Exs.

---

[1] Hall names Charles as a Plaintiff. (Doc. # 1). However, Charles did not sign the Complaint and the Complaint does not detail his involvement in the underlying facts that gave rise to this case. In addition, Hall is not an attorney. Therefore, Charles is not a proper party to this action. *See Walker v. General Tel. Co.*, 25 Fed. Appx. 332, 335 (6th Cir. 2001) (finding that *pro se* plaintiff, who was not an attorney, had engaged in the unauthorized practice of law by purporting to represent other individuals in another lawsuit).

[2] The Court may, and shall, take judicial notice of court records. This does not convert the present motion to dismiss to a motion for summary judgment. *Frazier v. Nat'l City Bank, NA.*, No. 2:05-cv-300, 2005 U.S. Dist. LEXIS 24053, at *10 n.3 (S.D. Ohio 2005) (citing *Plassman v. City of Wauseon*, Case No. 95-3736, 1996 WL 254662, *3 (6th Cir. May 14, 1996)(citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.), cert. denied, 449 U.S. 996 (1980)). *See also Dalton v. Jefferson Smurfit Corp.*, 979 F. Supp. 1187, 1193 (S.D. Ohio 1997) ("the Court's consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion into one for summary judgment").

6, 10; Doc. # 15 at 2, 11-12).  The jury returned a unanimous defense verdict, and Defendant Judge Charles Sabalos ("Judge Sabalos") ordered Hall to pay taxable costs in the amount of $ 29,853.04.  *Id.*

The third case involved Hall's allegations that Daryl and Tommie had engaged in perjury, theft, slander, and malicious interference with her health.  (Doc. # 7 Ex. 7).  Judge Kelly was assigned to preside over the case. (Doc. # 7 Exs. 7, 8, 9).  MacBan represented Tommie in that case.  *Id.*  Judge Kelly granted Tommie's motion to dismiss, and he also imposed sanctions in the amount equal to Tommie's attorney's fees against Hall.  (Doc. # 9).

After the conclusion of those suits, Hall moved to Ohio and instigated the current action on January 3, 2006.  (Doc. # 1).  Although quite difficult to discern, it appears that Hall alleges that MacBan, Daryl, Tommie, Judges Kelly and Sabalos, and Duprey violated her civil rights under 42 U.S.C. § 1983.  *Id.*  Hall also seems to assert that the Defendants committed perjury and conspired to unlawfully detain her.  *Id.*

Defendants MacBan, Daryl, and Tommie now move to dismiss all of Hall's claims against them pursuant to Fed. Rs. Civ. P. 12b(1), (2), (3), (5), and (6).  (Doc. # # 7, 11, 13).  With briefing on the motion now complete, the Court turns to an examination of the issues presented within that motion.

## STANDARD OF REVIEW

MacBan, Daryl, and Tommie assert that five separate grounds contained within Fed. R. Civ. P. 12b warrant dismissal. The Court shall only set forth the standard of review for those sections that the Court finds applicable to the instant motion.

**I.**     **Rule 12b(1) - Lack of Jurisdiction Over the Subject Matter**

3

Defendants first contend that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." In considering such a motion:

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id.* Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662-64 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Thus, at issue in a factual 12(b)(1) motion is the

> trial court's jurisdiction its very power [sic] to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  Accordingly, in reviewing speaking motions, such as the motion presently before the Court, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.  *See RMI Titanium Co.* 78 F.3d at 1134; *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

**II.     Rule 12b(2)** - **Lack of Jurisdiction Over the Person**

Because MacBan, Daryl, and Tommie have challenged personal jurisdiction pursuant to Rule 12(b)(2), Hall bears the burden of establishing personal jurisdiction. "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Because the Court has not and will not conduct an evidentiary hearing on the matter, Hall only needs to make a *prima facie* showing, and the Court views the evidence in the light most favorable to Hall. *See Sports Auth. Mich., Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 809 (E.D. Mich. 2000).

**III.    Rule 12b(6) - Failure to State a Claim Upon Which Relief can be Granted**

An alternative basis for dismissal according to MacBan, Daryl, and Tommie is Fed. R.

5

Civ. P. 12b(6).  Dismissal is appropriate under that rule if:  " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' "  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997).   The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).  In making such a determination, a court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' "  *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of  Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)).  A court need not, however, accept conclusions of law or unwarranted inferences of fact.  *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

## DISCUSSION

**I.     Subject Matter Jurisdiction**

MacBan, Daryl, and Tommie maintain that the Court lacks subject matter jurisdiction over the matter because the requirements for federal question jurisdiction and diversity jurisdiction are not satisfied.  Hall responds by asserting that her Complaint is based upon "diversity of location" which the Court shall construe to mean diversity jurisdiction.  (Doc. # 1).

Federal courts are courts of limited jurisdiction possessing only that power granted by the  Constitution or authorized by Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A district court may hear a case only if it is authorized to do so by a

congressional grant of jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). In this case, Hall has set forth a basis for this Court's subject matter jurisdiction in her Complaint.

Title 28, Section 1331 provides that "the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court has long held that actions arising under the Constitution, laws, or treaties of the United States for purposes of federal question jurisdiction refer only to those cases in which "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

Here, Hall asserts that MacBan, Daryl, and Tommie deprived her of her civil rights, presumably in violation of 42 U.S.C. § 1983. (Doc. # 1). Section 1983 creates a cause of action for deprivation of civil rights. *J.D. P'ship v. Berlin Twp. Bd. of Trs.*, 412 F. Supp. 2d 772, 777 (S.D. Ohio 2005) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)). Thus, the Court has subject matter jurisdiction over Hall's § 1983 claims and her state claims as well because those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.S. § 1367. Accordingly, the Court **DENIES** the motion to dismiss based upon Fed. R. Civ. P. 12b(1) and the Court need not discuss whether the elements of diversity jurisdiction are

present.[3]

## II. Personal Jurisdiction

More successful is the argument of MacBan, Daryl, and Tommie made pursuant to Fed. R. Civ. P. 12b(2) that the Court lacks personal jurisdiction over them. (Doc. # 7 at 4-5). Hall's response is devoid of any mention to this argument. (Doc. # 15).

"To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" *Daynard v. Ness, Motley, Loadholt, Richardson & Poole. P.A.*, 290 F.3d 42, 50 (1st Cir. 2002) (quoting *United States v. Swiss Am. Bank. Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999)). It is Hall's burden to prove that the Court possesses personal jurisdiction over MacBan, Daryl, and Tommie. *See id.*

In federal question cases in the Sixth Circuit, "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). *See also Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006). The Sixth Circuit has recognized that "'the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional

---

[3] Briefly, the Court notes that diversity jurisdiction is lacking because complete diversity does not exist among the parties. *See Glancy v. Taubman Ctrs., Inc*., 373 F.3d 656, 664 (6th Cir. 2004) (holding that federal courts have diversity jurisdiction where the amount in controversy is met and the action is between citizens of different states. The rule of complete diversity requires that each plaintiff be a citizen of a different state from each defendant). *See also* 28 U.S.C. § 1332.

limits of the Due Process Clause.'" *Bird*, 289 F.3d at 871 (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). "Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, [the Sixth Circuit Court of Appeals has] consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Id.* at 871-72 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316(1945)).

In accordance with Sixth Circuit precedent, the Court will employ the following test to determine whether it has personal jurisdiction over MacBan, Daryl, and Tommie:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 874 (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The first two prongs target the "tighter fit" required by Ohio law, while the third prong examines the due process limitation on the exercise of personal jurisdiction. *Brunner*, 441 F.3d 457, 2006 WL 462913, at *8-10.

    **A.**    **MacBan**

Defendant MacBan is an Arizona resident who has never traveled to Ohio. (Doc. # 7 Ex. 10 ¶ ¶ 3, 6). The cause of action in the case at bar apparently arises from MacBan's alleged actions in Arizona state court during Hall's previous lawsuits in that forum. Because those actions took place in Arizona and the only reason this case is before the Court is because Hall is now an Ohio resident, the Court concludes that a substantial enough connection with the forum

state does not exist to make the exercise of jurisdiction over MacBan reasonable. Thus, the Court concludes that Hall has failed to satisfy her burden and the Court **GRANTS** MacBan's motion to dismiss Hall's claims against her for lack of personal jurisdiction. (Doc. # 7).

  **B.**  **Daryl**

  Daryl is an Arizona resident. (Doc. # 1). Hall's current complaint seems to stem from Daryl's actions during the prior litigation among and between Hall, Daryl, and Tommie in Arizona. In addition, the record before the Court lacks any evidence that Daryl has purposefully availed himself of the privilege of acting in Ohio or that he has caused a consequence in Ohio other than the fact he may have attended college at The Ohio State University some years ago. (Doc. # 15). Lastly, the Court cannot see how Daryl's acts during the other lawsuits have a substantial enough connection with Ohio such that exercising jurisdiction over him would be reasonable. Therefore, the Court finds that Hall has not sustained her burden and **GRANTS** Daryl's motion to dismiss for lack of personal jurisdiction. (Doc. # 13).

  **C.**  **Tommie**

  Like MacBan and Daryl, Tommie is an Arizona resident. Also like MacBan and Daryl, there is no evidence before the Court that Tommie purposefully availed herself of the privilege of acting in the forum state or that Tommie caused a consequence in the forum state other than the fact that she attended college at The Ohio State University. (Doc. # 15). Hall's claims against Tommie likewise appear to be a result of Hall's previous suits against Tommie in Arizona state court, and Tommie's actions during those suits do not have a substantial enough connection with Ohio to make the exercise of jurisdiction over Tommie reasonable.

Accordingly, the Court **GRANTS** Tommie's motion to dismiss for lack of personal jurisdiction. (Doc. # 11).

III.     **Failure to State a Claim Upon Which Relief Can be Granted**

Alternatively, the Court concludes that Hall fails to state a claim against MacBan, Daryl, and Tommie upon which relief may be granted under Fed. R. Civ. P. 12b(6). (Doc. # 7 at 4-6).

A Section 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States, and  2) the deprivation was caused by a person acting under color of state law. *J.D. P'ship*., 412 F. Supp. 2d at 778 (citing *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).  Hall fails to state a Section 1983 claim because the record indicates that MacBan, Daryl, and Tommie are all private persons and not state actors. (Doc. # 7 Ex. 10).  Furthermore, Hall does not contest this conclusion in her memorandum in opposition. (Doc. # 15).  Thus, the Court grants the motion to dismiss based on Fed. R. Civ. P. 12b(6). (Doc. # # 7, 11, 13).  And, because the Court dismisses the lone basis for federal jurisdiction, the Court declines to exercise jurisdiction over the remaining state claims that Hall asserts against those defendants. *See* 28 U.S.C. § 1367.

IV.     **Motion for Sanctions**

MacBan, Daryl, and Tommie ask the Court to impose a sanction against Hall in the amount of $ 5,000.00 pursuant to Fed. R. Civ. P. 11. (Doc. # 7 at 6).  In support of their request, those Defendants state that Hall "has a history of filing frivolous lawsuits" and that "the prior imposition of sanctions ... has not prevented her from continuing in her litigious ways." *Id.*

Because this is the first time that Hall has filed suit in this Court, the Court **DENIES** the

motion for sanctions.  (Doc. # 7).

## CONCLUSION

The Clerk is **ORDERED** to strike Doc. # 17 from the record and to correct the docket to indicate that Charles Miller is not a plaintiff in this case.

The motions to dismiss are **GRANTED**.  (Doc. # # 7, 11, 13).

The motion for sanctions is **DENIED**.  (Doc. # 7).

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　  /s/   Gregory L. Frost
　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**